IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MARY KOERNER,** *on behalf of herself and all others similarly situated*,<br><br>　*Plaintiff,*<br><br>v.<br><br>**MERCER UNIVERSITY,**<br><br>　*Defendant.* | **CIVIL ACTION NO.**<br>**5:24-cv-00083-TES** |

**ORDER**

On March 11, 2024, Plaintiff Mary Koerner filed this class action against Defendant Mercer University,[1] alleging jurisdiction under the Class Action Fairness Act. [Doc. 1, ¶ 13]; 28 U.S.C. § 1332(d)(2) (giving federal district courts original subject-matter jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 *and* any member of the class of plaintiffs is a citizen of a different state from any defendant). On May 3, 2024, Mercer moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and the Court subsequently scheduled a hearing on the matter—currently set for June 17, 2024. [Doc. 11, p. 6].

However, just five days before the hearing, Plaintiff filed a Motion to

---

[1] Defendant notes its correct legal name is "The Corporation of Mercer University." [Doc. 11, p. 1 n.1].

Stay/Continue the Hearing on Defendant's Motion to Dismiss and Engage in Limited Discovery [Doc. 21]. Essentially, despite that Plaintiff selected this very Court for her suit, she now questions whether it even has subject-matter jurisdiction over the action. [Doc. 21, pp. 2–4]. Specifically, Plaintiff points the Court to a provision of the Class Action Fairness Act (CAFA), commonly called the "home-state exception," which provides that a district court "*shall* decline to exercise jurisdiction" over class actions in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (emphasis added).

Attaching data from the National Center for Education Statistics, Plaintiff contends that during the 2019-20 academic year, at least 86% of first-time degree/certificate-seeking undergraduates listed their state of residence as Georgia. [Doc. 21, p. 3]; [Doc. 21-2, pp. 37–39]. Plaintiff can't say whether this statistic extends to the entire student body—which would potentially push the class into the bounds of the home-state exception and thus preclude this Court from exercising subject-matter jurisdiction.[2] *See* 28 U.S.C. § 1332(d)(4)(B). Consequently, Plaintiff requests that the Court (1) provide the parties with 30 days of jurisdictional discovery on the matter and (2) stay or continue the hearing on Mercer's Motion to Dismiss until it is

---

[2] The Court also reminds Plaintiff—as Mercer points out—that citizenship of the class members should be judged from the time Plaintiff filed suit, not at the time the class members were students at Mercer University in the spring of 2020. *See* 28 U.S.C. § 1332(d)(7); [Doc. 22, p. 4 n.2].

2

resolved. [Doc. 21, p. 5].

Mercer opposes Plaintiff's Motion, claiming that "Plaintiff's Motion feigns a desire to save the parties time and money and preserve judicial resources" in an attempt "to avoid this Court dismissing her claims with prejudice." [Doc. 22, p. 3]. On the jurisdictional question, Mercer directs the Court to *Lowery v. Alabama Power Co.*, where the Eleventh Circuit admonished a removing defendant for contesting the jurisdiction that it asserted in its own removal documents. 483 F.3d 1184, 1217–18 (11th Cir. 2007) ("The defendants' request for discovery is tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists."). Although in a slightly different context, the Court agrees that *Lowery* may be instructive here. Likewise, *Lowery* also presents the question of whether the Court should immediately dismiss Plaintiff's case for lack of subject-matter jurisdiction before proceeding to the immediate motion to dismiss.

Accordingly, the Court **DENIES** Plaintiff's Motion to Stay/Continue and **DEFERS RULING** on her Motion to Engage in Limited Discovery. [Doc. 21]. The hearing remains set for **Monday, June 17, 2024, at 10 a.m.** The parties should come prepared to discuss the merits of Mercer's Motion to Dismiss, the newly raised home-state exception issue and assuming the Court doesn't have jurisdiction under *Lowery*, whether the Court must dismiss Plaintiff's complaint before it addresses the Motion to Dismiss.

**SO ORDERED**, this 14th day of June, 2024.

                                         S/ Tilman E. Self, III
                                         **TILMAN E. SELF, III, JUDGE**
                                         **UNITED STATES DISTRICT COURT**